# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SPENCER NAQUIN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Spencer Naquin, Plaintiff herein, complaining of Christopher Jancosko, an employee in the course and scope of his employment with the Federal Bureau of Investigation and for cause of action against the United States of America pursuant to the Federal Tort Claims Act would show the Court the following:

### I. JURISDICTION

1.0   Jurisdiction over this action exists by virtue of 28 U.S.C. §§ 1346.

### II. VENUE

2.0   Venue is proper in this Judicial District, pursuant to 28 U.S.C. §1391(b) and (c), because the acts and omissions at issue in this lawsuit occurred within the Northern District.

### III. PARTIES

3.0   Plaintiff, Spencer Naquin, is a resident of Denton County.

3.1     Defendant, United States of America may be served with summons by and through the Attorney General of the United States, by delivery to the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## IV. INTRODUCTION AND FACTUAL BACKGROUND

4.0     This litigation arises from an automobile collision occurring on or about March 24, 2015.  The facts may be summarized as follows:

4.1     On the above referenced date, Plaintiff Spencer Naquin was operating a motor vehicle and traveling eastbound in the 500 block of SH -114 in the inside left lane. Defendant Jancosko was directly behind Plaintiff and was in the course and scope of his employment as an employee of the Federal Bureau of Investigation. Defendant Jancosko admitted that he looked down and did not see traffic stop thereby rear ending Plaintiff's vehicle. The resulting impact caused Plaintiff to strike the vehicle immediately in front of him. Defendant failed to take any evasive action to avoid the collision. Plaintiff suffered personal injuries and damages for which Plaintiff now sues for recovery of monetary damages in an amount within the jurisdiction of the Court.

## V. CAUSES OF ACTION

5.0     On the basis of the above and foregoing facts and information, paragraph IV of which is incorporated by reference herein, Plaintiff would show that Defendant was generally negligent in all respects with regard to the incident in question and specifically negligent in one or more of the following particulars:

    1.     In failing to keep a proper lookout;

    2.     In failing to apply Defendant's vehicle's  brakes in a timely manner;

    3.     In being an inattentive driver; and

    4.      In failing to swerve his vehicle away from Plaintiff's vehicle in an effort to avoid the impact.

5.1     Plaintiff would show that one or more of the foregoing acts and/or omissions, either singularly or in any combination, constitute negligence, and/or negligence per se and a proximate cause of all injuries and damages sustained by Plaintiff in the incident in question.

## VI. DAMAGES

6.0     As a result of the incident above-described, Plaintiff Spencer Naquin underwent surgery and conservative medical care and treatment. The medical bills were in excess of $38,599.68. Plaintiff experienced physical pain, suffering and mental anguish in the past and will, in reasonable probability, continue to do so in the future.  By reason of the nature and severity of her injuries, Plaintiff has been caused to incur medical charges and expenses in the past for the proper care and treatment of these injuries.  Said charges were for necessary medical treatment and the charges were fair and reasonable and the usual and customary charges for said services at the time and places rendered.

6.1     By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## VII.    DEMAND FOR JURY TRIAL

7.0     Plaintiff requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against and recover from said Defendant:

    (a) Actual and special damages in an amount exceeding the minimum jurisdictional limits of this Court;

    (b) Pre-judgment interest as provided by law;

(c) Post-judgment interest as provided by law;

(d) All costs of Court; and

(e) All such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

        Respectfully submitted,

_____

**CARSE LAW FIRM**
Tom Carse
State Bar No. 00796310
6220 Campbell Road, Ste. 401
Dallas, Texas, 75248
Telephone: (972) 503-6338
Facsimile:   (972) 503-6348
Email: service@carselaw.com

**ATTORNEY FOR PLAINTIFF**